UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL POST OFFICE COLLABORATIVE, *et al.*,<br>        *Plaintiffs*,<br>        *v.*<br>PATRICK R. DONAHOE, *et al*,<br>        *Defendants*. | Civil No. 3:13cv1406 (JBA)<br><br>October 28, 2013 |

**RULING AND ORDER ON APPLICATION FOR DISCHARGE
OF NOTICE OF LIS PENDENS**

On September 25, 2013, Plaintiffs filed the Complaint [Doc. # 1] in this action and simultaneously filed [Doc. # 2] an ex parte application for a temporary restraining order and a motion for a preliminary injunction, seeking to enjoin Defendants from proceeding with the sale of a United States Post Office located in Stamford, Connecticut.  In connection with the Complaint, Plaintiffs also filed a notice of lis pendens [Doc. # 45-1] for this property with the Stamford Land Records.

On September 27, 2013, Defendants filed an application for discharge of the notice of lis pendens [Doc. # 17] pursuant to Conn. Gen. Stat. § 52-325a on the ground that there was not probable cause to sustain it.[1]  For the reasons that follow, Defendants' motion is GRANTED and the lis pendens must be discharged.

---

[1] On September 30, 2013, the Plaintiffs filed a partial release of the notice of lis pendens [Doc. # 45-2], releasing any claims asserted by Plaintiffs National Post Office Collaborate and Kaysay H. Abrha, but leaving the notice of lis pendens asserted by Plaintiff Center for Art and Mindfulness, Inc. in full force and effect.

I.      **Facts**

Plaintiffs, two nonprofit entities and an individual residing in Stamford, filed a five-count Amended Complaint on October 9, 2013 [Doc. # 26], seeking to enjoin Defendants, the United States Postal Service ("USPS") and its Postmaster General, from disposing of the Atlantic Street Station, a post office located at 421 Atlantic Street in Stamford, Connecticut (the "Atlantic Street Station").  Plaintiffs assert claims, *inter alia*, under the National Environmental Protection Act (NEPA) and the National Historic Preservation Act (NHPA), contesting USPS's closure and sale of the historic Atlantic Street Station to a private developer, Cappelli Enterprises ("Cappelli"), which intends to externally preserve the original portion of the Station, to demolish the remainder, and to construct an apartment complex on the site.

The parties are in agreement that the only claim relevant to this application is Count Four brought under 39 U.S.C. § 403(c), which claims USPS discriminated against Plaintiff Center for Art and Mindfulness, Inc. ("CAM") in its attempts to purchase the Atlantic Street Station before USPS contracted with Cappelli.  The facts of this case are set out in greater detail in the Court's ruling on Plaintiffs' motion for a preliminary injunction.  (*See* Doc. # 52.)  Briefly, in 2012, USPS solicited bids to sell the Atlantic Street Station, which was underutilized by USPS and had fallen into poor repair.  (*See* Am. Compl. ¶ 21; Fagan Decl. [Doc. # 31] ¶¶ 5–6.)  Five offers for the property were submitted, and, in May 2012, USPS's real estate agent recommended that CAM's offer and two others receive further consideration.  (*See* Fagan Aff. ¶ 8.)  The three bidders—

including CAM[2] and Cappelli—submitted second-round bids.  (*See* Fagan Aff. ¶ 10.) CAM's $5.5 million bid was the highest offer, and the parties entered into negotiations for the sale of the property in June 2012.  (Am. Compl. ¶ 21; Fagan Aff. ¶ 10, Ex. B.)  On July 27, 2012, CAM submitted to USPS a signed Agreement of Purchase and Sale, a lease agreement so that USPS could continue to occupy the Atlantic Street Station until it found a suitable replacement, and an escrow agreement.  (*See* Fagan Aff. ¶ 14.)

Shortly thereafter, CAM requested additional time to raise development money and a reduction in the purchase price.  The parties resumed negotiations and CAM submitted a new offer on August 2, 2012, which lowered the purchase price by $500,000, and required CAM to submit a $500,000 deposit on the date the offer was submitted. (Fagan Aff. ¶ 21 & Ex. G.)  On September 13, 2012, CAM requested an additional five days to submit the deposit and acknowledged that if it was unable to obtain the money by that time, it would "understand that the post office will have to go [its] separate way." (Fagan Aff. ¶ 22 & Ex. H.)  CAM never submitted the required deposit.  (Fagan Aff. ¶ 22 & Ex. H; Backstrand Depo. Tr. [Doc. # 28-1] at 145–46.)

After the sale to CAM broke down, USPS entered into negotiations with the next highest bidder, Cappelli.  (Fagan Aff. ¶ 24.)  On December 21, 2012, Cappelli submitted a signed purchase and sale agreement to purchase the property for $4,300,000 along with an initial deposit of $100,000. (*Id.* ¶ 27; *see also* Agreement of Purchase and Sale, Lackey Decl. Ex. 1 [Doc. # 33-1].)  USPS accepted this offer on December 27, 2012.  (Fagan Aff. ¶ 24.)   Plaintiffs contend that Cappelli "plans to demolish a substantial part" of the

---

[2] At the time, CAM was known as Debra Sherwood – Lower Fairfield Arts Center.

3

Atlantic Street Station and erect two twenty-story luxury apartment buildings, which will result in the public losing access to the art and architectural features of the Atlantic Street Station.  (Am. Compl. ¶ 62.)

CAM alleges that in accepting Cappelli's lower bid and offering it "much more favorable terms than it was willing to grant" to CAM (Am. Compl. ¶¶ 83, 85, 87), USPS violated 39 U.S.C. § 403(c), which provides that USPS shall not "make any undue or unreasonable discrimination among users of the mails, nor shall it grant any undue or unreasonable preferences to any such user" in "providing services and in establishing classifications, rates, and fees."

## II.    Discussion

### A.    Lis Pendens

"A notice of lis pendens is appropriate in any case where the outcome of the case will in some way, either directly or indirectly, affect the title to or an interest in real property."  *Corsino v. Telesca*, 32 Conn. App. 627, 632 (1993).  Conn. Gen. Stat. Ann. § 52-325a provides that a property owner "may make application . . . that a hearing or hearings be held to determine whether such notice of lis pendens should be discharged."  At a § 52-325a hearing, the court must "determine whether there was probable cause to sustain the lis pendens."  *Corsino*, 32 Conn. App. at 631.

"It is important to remember that the plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim.  The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and

judgment, under the circumstances, in entertaining it."  *Id.* at 631–32 (internal citations and quotation marks omitted).

Given that a notice of lis pendens is only appropriate where "the outcome of the case will in some way, either directly or indirectly, affect the title to or an interest in real property," *id.* at 632, Plaintiffs acknowledge that only Count Four of the Amended Complaint implicates the lis pendens and its validity depends upon there being probable cause to sustain this count.

### B.      Subject Matter Jurisdiction[3]

USPS argues that this Court does not have subject matter jurisdiction over Count Four.  (Defs.' Mem. in Supp. [Doc. # 29] at 13.)  Pursuant to 39 U.S.C. § 3662(a), "[a]ny interested person . . . who believes the Postal Service is not operating in conformance with the requirements" of § 403(c) "may lodge a complaint with the Postal Regulatory Commission [PRC] in such form and manner as the Commission may prescribe." Appeals of PRC decisions may be taken exclusively to the United States Court of Appeals for the District of Columbia.  *See* 39 U.S.C. § 3663.

Plaintiffs contend that jurisdiction is nevertheless proper pursuant to 39 U.S.C. § 409(a) which provides that "[e]xcept as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service" and that the use of the permissive word "may" in

---

[3] Defendants also contend that sovereign immunity bars the application of the state's lis pendens procedural regulations to it.  Given that there is ample basis to discharge the lis pendens on other grounds, this question will not be addressed by the Court.

§ 403(c) does not confer exclusive jurisdiction on the PRC.  (Pls.' Mem. Supp. Prelim. Inj. [Doc. # 41] at 17–18.)

The Eighth Circuit has rejected a similar argument based on the use of the word "may" in § 403(c), because courts can "infer foreclosure of judicial review where congressional intent to preclude judicial review is 'fairly discernible' in the detail of the particular legislative scheme." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799–800 (8th Cir. 2006) (quoting *Block v. Cmty. Nutrition Inst.,* 467 U.S. 340, 349 (1984)) (other internal quotation marks omitted).

> Congress gave meaning to this intention by placing within the Postal Service the means to redress a disaffected party's concerns about postal rates and services. Unhappy postal patrons were given recourse to the PRC. This is a specific grant of authority over a defined category of postal rate/postal service concerns. This specific designation is contrasted with the District Courts' otherwise general jurisdiction. Considering the differing treatment of the varying types of postal disputes, in light of Congress's stated purpose in enacting the PRA, it is "fairly discernible" that Congress intended to remove consideration of postal service complaints from the courts altogether.

*Id.*

This Court concurs with the Eighth Circuit's analysis and joins the other courts which have generally reached the same conclusion.  *See, e.g., Shelby Res., Inc. v. U.S. Postal Serv.*, 619 F. Supp. 1546, 1549 (S.D.N.Y. 1985) ("This Court concludes that" it lacks subject matter jurisdiction to address the complaint of "a user of postal services who is not receiving adequate service or service equal to that furnished to others."); *Bovard v. U.S. Post Office*, 47 F.3d 1178 (10th Cir. 1995) ("The language of section 3662 makes clear

that a postal customer's remedy for unsatisfactory service lies with the [PRC], and that Congress did not intend to create a private right of action for service complaints.").[4]

Given the Court's conclusion that it lacks jurisdiction over CAM's claims asserted under § 403(c), and since CAM has not asserted any other substantive basis for the Court to address its "discrimination" claim, CAM has not demonstrated probable cause that they will prevail on Count Four, and thus, the lis pendens cannot be maintained.

---

[4] *But see Currier v. Henderson*, 190 F. Supp. 2d 1221, 1229 (W.D. Wash. 2002), where the court held that it had jurisdiction over a claim under § 403(c) and the Constitution alleging "discrimination" against individuals who were unable to receive mail because they were homeless and not provided with reasonable alternatives to home delivery.  Notably, the factual basis for the § 403(c) claim was the same as claims asserted under the First Amendment and the Equal Protection Clause.  In dismissing the Constitutionally-based discrimination claims, the court concluded that the discrimination claim under § 403(c) must fail as well.  *See id.* at 1232 ("The Court holds that under the facts of this case, [§ 403(c)] does not impose upon the Postal Service a higher standard than that demanded by the Constitution.").  In contrast to *Currier*, CAM has asserted no substantive basis aside from § 403(c) to provide the Court with jurisdiction to adjudicate their claims of "discrimination."  Therefore, in the absence of jurisdiction, this discrimination claim must fail.

III.     **Conclusion**

For the reasons discussed above, Defendants' application [Doc. # 17] for an order discharging the notice of lis pendens is GRANTED, and the notice of lis pendens must be DISCHARGED.   Plaintiff CAM is hereby ORDERED to take all necessary action to discharge the notice of lis pendens, as amended, from the Stamford, Connecticut Land Records forthwith and by no later than November 1, 2013, including without limitation by causing a document to be executed by counsel and recorded stating that the notice of lis pendens recorded at Volume 10863, Page 333 of the Stamford, Connecticut Land Records, as modified by a Partial Release recorded at Volume 10867, Page 152, is discharged.

.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of October, 2013.