UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NATIONAL POST OFFICE COLLABORATE, *et al.*,
   *Plaintiffs*,

v.

PATRICK R. DONAHOE, *et al.*,
   *Defendants*.

Civil No. 3:13cv1406 (JBA)

November 7, 2014

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff the Center for Arts and Mindfullness ("CAM") moves [Doc. # 133] for reconsideration of the Court's Ruling [Doc. # 129] denying CAM leave to amend the complaint (the "Ruling").[1]  For the reasons that follow, CAM's motion is denied.

**I.**  **Legal Standard**

Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order."  D. Conn. L. Civ. R. 7(c)1.  The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478).  This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court

---

[1] The Court also dismissed Counts Three and Four of the Second Amended Complaint and CAM does not move for reconsideration of this portion of the Ruling. (Pl.'s Mem. Supp. [Doc. # 133-1] at 1 n.1.)

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

II.     Discussion

CAM moved [Doc. # 102] for leave to amend the complaint to add a Count Seven, alleging a breach of contract arising from its failed attempt to purchase the Atlantic Street Station in 2012 from Defendants, the United States Postal Service ("USPS") and its Postmaster General. (*See generally* Ruling [Doc. # 52] Granting Plaintiffs' Motion for a Preliminary Injunction at 6–8.) The Court denied CAM's motion concluding that while Rule 15(a)(2) provides that the "court should freely give leave" to amend a complaint "when justice so requires," once a court has issued a scheduling order setting a deadline for amended pleadings, Rule 16(b)(4) provides that the resulting "schedule may be modified only for good cause" and that CAM's proposed amendment was untimely and that it had not demonstrated good cause. (Ruling at 11–13 & n.6.)

CAM contends that "the Court did not consider Second Circuit precedent that holds that undue delay alone, if any, is not a valid basis to deny a Motion to Amend." (Pl.'s Mem. Supp. at 2.) However, in *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987), cited by Plaintiff, the Second Circuit addressed the standard for amendment under Rule 15, but this Court concluded that the more stringent standard of Rule 16 was applicable in this case due to the Scheduling Order (Ruling at 11), and CAM does not dispute that conclusion. Thus, the Court did not overlook controlling Second Circuit precedent. *See Shrader*, 70 F.3d at 257.

2

Next, CAM contends that it established the good cause required by Rule 16 to allow amendment of the complaint, because CAM "did not know the basis for its discrimination and breach of contract and estoppel claims until it filed this case in September 2013 when it obtained the Cappelli contract and escrow account documents," not in 2012 when its attempt to purchase the Atlantic Street Station floundered. (Pl.'s Mem. Supp. at 3–4.) Although CAM did not move to amend the complaint until seven months after this date, it contends that this delay should be excused because it was the result of Plaintiffs' change in counsel. (*Id.* at 3.)

While Plaintiff now refers to claims for "discrimination" and "estoppel," the proposed amended complaint sought to add only a breach of contract claim. CAM contended that this claim was not futile despite its failure to submit the contractually mandated deposit at the time it executed the contract for the Atlantic Street Station, because USPS would be equitably estopped from raising such a defense due to its misrepresentations and other misconduct in negotiations with CAM. (*See* Pl.'s Mem. Supp. Mot. Leave to Amend [Doc. # 102-1] at 2–4.) Thus, CAM has contended that its defenses to USPS's potential affirmative defenses to a breach of contract claim were known to it only in September 2013, not September 2012. But the factual basis for CAM's affirmative claim that USPS breached its September 2012 contract with CAM by entering "into [a] purchase and sale agreement for the same property with [Cappelli] in November 2012" (*id.* at 2) would have been known to it at that point.

Even if CAM's argument can fairly be construed as demonstrating good cause because it only learned that it had a non-frivolous breach of contract claim upon learning additional facts in September 2013 and its additional delay of seven months was

justifiable, CAM does not address the fact that the Court concluded that although CAM's undue delay was "sufficient reason to deny Plaintiffs' motions, the Court also concludes that the proposed amendments are futile and would deny the motions to amend on this basis as well." (Ruling at 13.)  The breach of contract claim was futile, because the agreement that CAM sought to enforce barred specific enforcement and CAM's proposed amendment sought only such relief.  (*Id.* at 16–17.)  Thus, even if CAM could show good cause for its delay in seeking leave to amend the complaint on the basis of both newly discovered facts and its change in counsel, reconsideration is not warranted because the Court separately concluded that amendment would be futile and CAM has not challenged this conclusion.

### III.    Conclusion

For the reasons set forth above, CAM's Motion [Doc. # 133] for Reconsideration is DENIED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of November, 2014.